## JAMES NOBLE v. THOMAS CORNELL.

Where a note is made for the purpose of procuring a loan of money thereon, and it is delivered upon the agreement that the loan shall be made in bank notes of a foreign corporation, of a denomination less than $5, which the maker is to keep in circulation until the payment of the note, the note is not void if the agreement is not carried out, but the advance actually made upon the note is made in city funds.

A loan made by a foreign corporation upon a note, of the whole amount thereof, without deducting or receiving any discount, is not within the provisions of the statute restraining foreign corporations from discounting notes in this state.

In an action upon such a note, evidence, that the foreign corporation to whom it was given was in the habit of discounting notes in this state, is inadmissible. To render such evidence proper, it must first appear that the note in suit was so discounted.

In an action upon such a note against the endorser by the endorsee of the corpora-tion who made the advance upon it, it is no defence that the endorsement was made for a special purpose, and the note has been diverted therefrom, unless it also appear that the original holders were aware of the circumstances prior to making the advance.

APPEAL by defendant from a judgment entered on a report of a referee. This was an action on a promissory note against the defendant as endorser. The defence was three-fold.

1st. That the endorsement was made without consideration, and that the note was diverted from the purpose for which it was made.

2d. That the note was made by the makers, H. Wilbur & Co., and passed by them, with two other notes, to the Meriden

Agency Company, upon the agreement that they were to furnish therefor, to the makers, bills of the City Bank of Cape May, New Jersey, of the denomination of one, two, three and five dollars, which bills were to be stamped so as to be recognized, and were to be kept in circulation by Wilbur & Co. until the notes were paid, and that this agreement rendered the notes void under the provisions of the Revised Statutes relative to unauthorized banking, contained in 2 R. S. (4th ed.), p. 118, and *post.*

3d.· That it was discounted by the Meriden Agency Company, a foreign corporation; that they kept an office in the city of New York for the purpose of discounting paper; that this was contrary to the same provisions, and rendered the notes void.

The cause was tried before a referee, who reported in favor of the plaintiff. The following extract from his report states the facts material to the case.

" I further find and report, that the said note was, together with two other notes, made by H. Wilbur & Co., and endorsed by the defendant, the three together amounting to six thousand dollars, delivered to the Meriden Agency Company, a corporation with banking powers, doing business in the state of Connecticut, in pursuance of an agreement made by and between Curtis L. North, the president of said company, and Henry Wilbur, of the said firm of H. Wilbur & Co., by which agreement the said company were to furnish to said Wilbur the amount of said notes, less a discount at the rate of six per cent. per annum, in the bank bills of the City Bank of Cape May, a banking institution situated in and doing business under the laws of the state of New Jersey, of the denomination of one, two, three and five dollars, which bills were current in the city of New York at a discount of one-quarter of one per cent., and were redeemed from time to time at the office of J. II. Washburn, in said city, the agent in said city of said Meriden Agency Company, the bills so to be furnished to said Wilbur to be marked and identified and circulated by him in the state of New York, and as fast as redeemed by said Washburn to be taken up by said Wilbur

from time to time, with funds current at par in the city of New York; that this arrangement was to continue for one year, and the said notes, given by said H. Wilbur & Co., were to be renewed from time to time during said year; that the said notes were endorsed by the defendant, Cornell, without consideration, and for the accommodation of the makers, and with a view to said proposed arrangement. I further find and report, that the said arrangement was never executed, but the full amount of said three notes was paid to said Wilbur in funds of banks in the city of New York."

It further appeared by the evidence that the amount paid for the notes was equal to their face, that no interest was deducted, and that the payment was made after the notes had run some time. The note was passed to the present plaintiff by the Meriden Agency Company.

The defendant offered evidence to show that the Meriden Agency were engaged in the business of discounting paper as a business, in this state, in violation of the statute, but the evidence was excluded. Judgment was perfected on the referee's report in favor of the plaintiff, and the defendant appealed therefrom.

*John E. Burrill*, for the appellant.

I. The note was made, endorsed and delivered to the Meriden Agency Company in pursuance of an illegal agreement to circulate the bills of the City Bank of Cape May, under the denomination of $5, in the state of New York, in violation of the statute, and was therefore void in the hands of that company, and of any persons claiming through them. *Pratt* v. *Adams*, 7 Paige, 615; *Bank of Chenango* v. *Curtis*, 19 John. 326; 2 R. S. (4th ed.) 119, §§ 11, 12, 13.

II. The illegality of the contract, under which the note was made and delivered, was not waived, nor the contract legalized by the fact that the notes were subsequently otherwise paid for. *De Groot* v. *Van Duzer*, 20 Wend. 390–395.

III. The note in suit was discounted by the Meriden Agency Company, in violation of the statute prohibiting foreign corporations from discounting notes within the state. 2 R. S. (4th ed.) 118, § 3–5, and 6–9; p. 698, § 2.

IV. The note was endorsed without consideration, and was diverted from the purpose for which it was given.

*William H. Leonard*, for the respondent. .

INGRAHAM, FIRST JUDGE.—Three grounds of appeal are presented to us in this case:

1st. That the note was void because it was made in pursuance of an illegal agreement to circulate the bills of the City Bank of Cape May, in New Jersey, in violation of the statute.

2d. That the note was discounted by the Meriden Agency Company of Connecticut, in violation of the restraining act.

And, 3d, That the note was diverted from the purpose for which it was endorsed by the defendant.

I think it is a sufficient answer to the first objection, that, although such was the original agreement, it was never carried out. The notes never were delivered in pursuance of it, but, when the money was advanced, it was New York funds. Whatever agreement was afterwards made, as to the payment of those drafts, would not affect the right to recover the money advanced upon the notes as a loan.

That amount was a debt due to the company, and the transfer of the notes by the Meriden Agency Company to the plaintiff entitled them to receive the amount so loaned. The referee has found that the agreement originally made never was carried out by the parties, but that the full amount of the notes was paid in New York funds.

There was no discount of this paper at all. The Meriden Company advanced upon the notes a sum equal to the whole face of the notes, although they had some time to run before payment. In fact, they advanced more than the notes were worth, inasmuch as they must have lost the accruing interest from the

time of the loan to the day of payment. The statute does not prohibit the loan of money; it only applies to discounts of notes or evidences of debt. An advance upon a note of a sum of money equal to the face of it, without deducting any interest, or receiving any payment of interest, is not a discount of a note within the meaning of the statute.

The third objection is, I think, equally unavailing. Admitting that the defendant had endorsed the note under the agreement for circulating the bills, as stated, and that the passing of the notes to North, as security for a loan of $6,000 upon them, was a diversion of the note that might relieve the defendant from liability, still, there is no evidence to show that North, prior to advancing the money for the Meriden Company upon the notes, had any knowledge that Cornell's endorsement was an accommodation endorsement, or that it was made on any such condition. So far as Cornell was concerned, the Meriden Company were *bona fide* holders for value, and as such they could transfer to the plaintiff all the rights they had, which entitled him to recover whether he was a *bona fide* holder or not.

I think, also, the questions put to the witnesses, as to the business of the Meriden Company in this city, were properly excluded. Inasmuch as there was no discount of the paper, the object of the evidence so offered became immaterial. Even if the evidence was admissible to show that the company were in the habit of discounting notes in New York, that evidence could not affect a note in their possession which had never been discounted by them. Before such evidence could, under any circumstances, be available to the defendant as a defence, it should appear that the note had been discounted by the company.

Judgment affirmed.